IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARIS WINTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21-cv-04702 |
| v. | ) |
| | ) |
| SOO LINE RAILROAD D/B/A | ) |
| CANADIAN PACIFIC RAILWAY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO
ALLOW PLAINTIFF TO TAKE ADDITIONAL DEPOSITIONS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(A)**

Plaintiff respectfully submits this Memorandum in Support of His Motion to allow Plaintiff to take three additional depositions for a total of thirteen (13) depositions. The additional three depositions are important for Plaintiff to fully develop the record relating to his demotion and Defendant's harassment, discrimination and retaliation against him.

Plaintiff seeks to take the depositions of the following six employees for up to the statutory allowed 7 hours: (1) Alexander D. Gibson (hearing officer at Plaintiff's disciplinary hearing, and alleged partial decision-maker who discriminated against, harassed and retaliated against Plaintiff), (2) Amanda Cobb (Defendant's Equal Employment Opportunity manager and HR Business Partner who allegedly completed an investigation into complaints of discrimination and who spoke directly with Plaintiff), (3) Corey Smith (the person who initiated the discipline, harassed, discriminated and retaliated against Plaintiff), (4)Erin Carriere-Makaroff (Manager, Labour Relations who interacted with Plaintiff and Mr. Smith relating to Plaintiff's complaints of harassment, discrimination and retaliation), (5) James Bulmer (Defendant's employee and Plaintiff's union representative who appeared with him at disciplinary hearings and spoke with

1

Defendant's representatives), (6) corporate representative relating to the rules and, regulations of Defendant as they relate to the disciplinary process and the job duties of mechanical foreman.

Plaintiff also wishes to take the deposition of one employee for a time period not exceeding three (3) hours: (7) Patrick Etringer (Defendant's employee claimed by Defendant to have information relating to Defendant's suspension and demotion of Plaintiff, and the claims and defenses in this case).

Finally, Plaintiff wishes to take the deposition of six employees for a time period not exceeding two (2) hours: (8) Robert Malone (former employee of Defendant who witnessed harassment of Plaintiff and who Mr. Smith repeatedly tried to coerce to make false allegations against Plaintiff); (9) James Archer (African American who worked with Plaintiff when he was a foreman and witnessed the harassment of Plaintiff, including the incident that led to Plaintiff's disciplinary hearing that Defendant claims ultimately led to his demotion); (10) Robert Lonero (former employee who told Plaintiff that Mr. Smith and Mr. Koutsios were trying to terminate Plaintiff); (11) Leso Lyubomire (employee of Defendant who witnessed the harassment of Plaintiff and observed a conversation with Mr. Gibson and Plaintiff relating to Plaintiff's imminent demotion); (12) Aric White (employee of Defendant who Plaintiff requested to be present at his disciplinary hearing (after which Defendant demoted Plaintiff), but Defendant denied the request); and (13) Jason Bolda (employee of Defendant and Plaintiff's union representatives who has knowledge relating to Plaintiff's claims and those of other employees, including, African Americans).

## **Argument**

A party wishing to take more than ten depositions must obtain leave of court to do so. Fed. R. Civ. P. 30(a)(2). The Court must permit more than ten depositions when it is "consistent with

2

Rule 26(b)(2)." *Id.* Rule 26 provides that additional discovery should be allowed unless the Court determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the moving party has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, in light of the factors listed in the Rule. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The Court must consider the "totality of the circumstances" when determining the scope of discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Because plaintiff's request for three additional depositions falls within the boundaries of Rule 26, the motion should be granted.

    i.    **Depositions Sought by Plaintiff are Not Unreasonably Cumulative or Duplicative**

The depositions Plaintiff seeks are not "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2). Plaintiff has a four-count complaint pending with claims of age discrimination, harassment, race discrimination, and retaliation. In order to meet his burden of proof Plaintiff must not only depose individuals that have knowledge as to the disciplinary action that Defendant claims led to Plaintiff's demotion, but also must depose individuals who witnessed the harassment, discrimination and retaliation. Gibson, Cobb, Smith, Carriere-Makaroff, and Etringer, are all witnesses that Defendant claims were involved in the decision to terminate or completed alleged investigations into claims of harassment. While, Bulmer, Malone, Archer, Lonero, Lyubomire, White and Bolda are all witnesses that witnessed the treatment of Plaintiff over an approximately two-year period. Each has testimony to provide that is separate and apart from the other relating to what they witnessed and conversations they had with employees and supervisors with Defendant. The information obtained at these witnesses depositions will be used

3

to fully develop the record of harassment, discrimination and retaliation by Defendant against Plaintiff.

### ii. Plaintiff Has not Had a Sufficient Opportunity to Obtain the Information By Discovery In This Action

Plaintiff needs a full and fair opportunity under the Federal Rules of Civil Procedure to gather the facts and testimony necessary to prove the elements of his claim. This is not a case where Plaintiff has already had "ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). Every witness on this witness list is a current or former employee of Defendant and Defendant has not agreed to allow Plaintiff's attorney to speak to any of these witnesses outside the bounds of a deposition. Furthermore, even if they did, it is unclear if these witnesses would voluntarily speak to Plaintiff's attorney as they may fear retaliation by Defendant. It is true, that if Plaintiff's attorney could freely speak to these witnesses without the need of compulsory process and throughout the entire litigation, including, at the summary judgment stage when prosecuting or defending summary judgment, that Plaintiff would not need to take all of thirteen depositions. However, this is not a case where Plaintiff has control over a majority or even some of the witnesses it believes will provide testimony helpful to him – Defendant has that control and Plaintiff must not be prejudiced by Defendant's control of almost every witness in this case.

### iii. The Benefits of the Requested Depositions Outweigh the Potential Burdens

In weighing the burden and expense of the requested depositions against their benefits, it is clear that the three extra depositions are merited. Fed. R. Civ. P 26(b)(2). The "parties' resources" are clearly adequate to handle the requested discovery as three attorneys have already appeared in this matter on behalf of Defendant.

Plaintiff is not seeking to unnecessarily increase the cost or time necessary to litigate this matter. To demonstrate this Plaintiff has agreed to limit the time of seven of the thirteen requested depositions. Thus, it is likely that seven of the thirteen requested depositions can all be scheduled via zoom over a period of two days.

Without these depositions Plaintiff will not have the fully developed record necessary to defend or prosecute a motion for summary judgment, nor properly prepare for trial.

For the foregoing reasons, Plaintiff respectfully moves this Court to grant its motion permitting it to take three additional fact depositions.

**Respectfully Submitted:**

/s//: *Cynthia M Rote*
Cynthia Rote
Attorney for Paris Winters
Integrate Legal PC
516 Main Street, Suite 1
Pecatonica, Illinois 61063
(815) 255-4695
Service@Integrate-Legal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Andrew T. James    drew-james-9000@ecf.pacerpro.com, gibb.donna@dorsey.com, james.andrew@dorsey.com

John Francis Grady    vleatherberry@gradybell.com, asiles@gradybell.com, jgrady@gradybell.com

John T Sullivan    sullivan.jack@dorsey.com, jack-sullivan-3911@ecf.pacerpro.com, stanek.dylan@dorsey.com

/s//: *Cynthia M Rote*