IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PARIS WINTERS, | ) | |
| | ) | No. 21 C 4702 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| SOO LINE RAILROAD d/b/a | ) | |
| CANADIAN PACIFIC RAILWAY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Local Rule 37.2 states:

To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

Plaintiff's motion to take more than ten depositions is subject to Local Rule 37.2. *See* Fed. R. Civ. P. 30(a)(2)(A). Yet, it does not contain the statement required by the Local Rule. Instead, it says, "Plaintiff and Defendants have discussed Plaintiff's request to take more than ten depositions. Defendant refuse [sic] to agree to this request." (ECF 22.)

Defendant says plaintiff's ostensible Rule 37.2 statement is vague because plaintiff did not even try to confer with defendant until the morning of March 15, 2022—the day plaintiff's motion was due. (*See* ECF 21 (setting March 15, 2022 as the deadline for filing this motion); ECF 26-2 (email string between plaintiff's counsel and defense counsel dated March 15, 2022).) Further, defendant says, given plaintiff's desire to contact defense witnesses informally, a Rule 37.2 conference may well have obviated plaintiff's motion.

The Court agrees with defendant. This is not a case in which ordering a Rule 37.2 conference would be elevating form over substance. Given that plaintiff only seeks to take three depositions over the limit and defendant is willing to consider giving plaintiff access to some of

its witnesses outside the setting of a deposition, a Rule 37.2 conference is likely to narrow the scope of or eliminate the need for plaintiff's motion. Accordingly, the Court denies plaintiff's motion to take more than ten depositions [22] for failure to comply with Local Rule 37.2.

**SO ORDERED.**  ENTERED:  **March 31, 2022**

**M. David Weisman**
**United States Magistrate Judge**